# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ERIC LAVONNE SMALLS ) | |
| ) | |
| v. ) | Case No. CV412-125 |
| ) | CR409-431 |
| UNITED STATES OF AMERICA ) | |

## REPORT AND RECOMMENDATION

Eric Lavonne Smalls moves this Court for 28 U.S.C. § 2255 relief, challenging his conviction under 18 U.S.C. § 922(g)(1) for possessing a firearm as a felon. CR409-431, doc. 54. He contends that he was *not* a felon, and that his lawyer was ineffective in failing to point that out. His § 2255 motion must be denied.

## I. BACKGROUND

Smalls pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Docs. 37 & 39; doc. 59 at 41.[1] During his Fed. R. Cr. P. 11 guilty plea proceeding, he listened to the government witness describe the facts supporting his gun charge and, when asked, he did not

---

[1] The Court is citing to the electronic pagination generated by its docketing software. It may not always line up with the original, printed page numbers.

dispute the factual recitation. Doc. 59 at 39-40. Nor did he challenge the prior felony component of the felon-in-possession charge:

> Q. The indictment alleges that Mr. Smalls had a prior felony conviction of a possession of a controlled substance, cocaine, in case numbered 99-2088-KA, a violation of the Official Code of Georgia, 16-13-30(b) and (d). Did you find that to be the case, sir?
>
> A. Yes. Your Honor, I received a certified conviction from the Superior Court's Clerk's Office here in Chatham County with that conviction on Mr. Smalls.
>
> Q. Okay. Was that conviction entered on February 1st, 2000 as Mr. Smalls had related to the Court here; that is, eleven years ago?[2]
>
> A. Yes, sir.
>
> Q. And was a felony probated sentence imposed, sir?
>
> A. That is correct.

Doc. 59 at 39-40 (footnote added). Smalls was asked if he understood

---

[2] Here is the relevant plea-hearing colloquy between the judge and Smalls:

Q. What was the crime you were charged with?

A. Possession.

Q. Possession of drugs?

A. Yes, sir.

Q. Marijuana, cocaine, or what?

A. Of cocaine.

Doc. 39 at 17.

that testimony. "DEFENDANT: Yes, sir." *Id.* at 40.

The U.S. Probation Office's presentence investigation report (PSI) calculated his offense level. PSI ¶¶ 14-23. His felony-based criminal history placed him in the 63-78 month advisory guideline range. PSI ¶ 46. At sentencing Smalls' lawyer, Gregory N. Crawford, argued against the four-level specific offense enhancement urged in the PSI because Smalls committed his firearm offense while in simple possession of drugs, and not while intending to distribute them. Doc. 47 at 47-48. The sentencing judge overruled the objection and sentenced Smalls to 65 months. *Id.* at 55. Smalls unsuccessfully appealed, *United States v. Smalls*, 458 F. App'x 788 (11th Cir. 2012).

## II. ANALYSIS

On appeal Smalls did not challenge the *felony* component of the § 922(g)(1)-based sentence. Now he does, contending that the element of the § 922(g)(1) crime was missing -- he'd never been convicted of a felony, only a misdemeanor. Evidently cognizant of procedural default, he raises an ineffective-assistance claim (IAC)[3] against Crawford, insisting he "was

---

[3] In evaluating such a claim, the Court applies *Strickland v. Washington*, 466 U.S.

3

ineffective when he failed to investigate [movant's] prior criminal history and then allowed him to plead guilty in federal court premised on the enhancement in which was not a predicate offense for that purpose." Doc. 63 at 8. In his only other claim, Smalls insist he is "actually innocent" of the § 922(g)(1) offense (i.e., no predicate felony exists). Doc. 63 at 8.

The government does not raise procedural default, which may be

---

668, 687 (1984), which created a two-part test for determining whether counsel performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, the defective performance must have prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Smalls must show that "'no competent counsel would have taken the action that his counsel did take.' " *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir.2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

For the prejudice prong he must show that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir.1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir.1983).

overcome by an ineffective assistance claim. *Green v. United States*, 2012 WL 4468598 at * 3 (S.D. Ga. Sep. 27, 2012) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Instead, it says both claims are meritless because Smalls in fact *was* convicted of a felony in state court. Doc. 60 at 8-11.

The government is correct. The indictment here identified the § 922(g)(1) felony as a conviction for

> Possession of a Controlled Substance (Cocaine), CR99-2088-KA, Vio. O.C.G.A. § 16-13-30 (b & d), Chatham County Superior Court, sentenced February 1, 2000, to five (5) years probation

Doc. 1 at 1.

The plea colloquy excerpted above shows that Smalls understood and agreed that he had pled guilty to and thus had been convicted of a state felony. While he now claims that this offense "was not charged as a result of a negotiated State Plea Agreement," doc. 54 at 4, the Chatham County court documents tendered by the government show that, on February 28, 2000, Smalls pled guilty to, *inter alia*, the unlawful possession of a controlled substance with intent to distribute (cocaine), in violation of O.C.G.A. § 16-13-30 (b & d). Doc. 60-1 at 2 (CR99-2088-KA indictment for violating O.C.G.A. § 16-13-30(b & d); *id.* at 11-12 (his guilty

5

plea to that and other offenses).

Meanwhile, Smalls does not dispute that it is a felony "for any person to manufacture, deliver, . . . sell or possess with intent to distribute any controlled substance." O.C.G.A. § 16-13-30(b). Nor does he dispute that this offense is punishable by "imprisonment for not less than five years nor more than 30 years." O.C.G.A. § 16-13-30(d). 18 U.S.C. § 922(g), meanwhile, prohibits any person "who has been convicted in any court of, a crime *punishable* by imprisonment for a term exceeding one year" from "possess[ing] ... any firearm or ammunition." *Id.* (emphasis added). So it does not matter if Smalls served no "felony-length" sentence for such a crime, only that he was convicted and was *punishable* by a term exceeding one year. *See, e.g.*, *Tidenburg v. United States*, 2009 WL 3784603 at * 7 (E.D. Tenn. Nov. 9, 2009) ("Thus, it is irrelevant that Petitioner only received a sentence of three years of probation; his crime could have received a punishment of anywhere from one year to ten years under Georgia law.").

Smalls attempts to rewrite history here -- the very history that he affirmed when he pled guilty before this Court. Now he claims that

6

"Count II" of the state court charge was "dropped" as part of his guilty plea there, and he tenders state court records in an attempt to prove this. That includes the CR99-20988-KA guilty-plea transcript included with his Reply Brief here, doc. 63-2. But that transcript *confirms* the government's position. *See* doc. 63-2 at 4-5 (prosecutor's recitation of the plea deal under which Smalls pled to *all* four counts but received, *inter alia*, no prison time, only time-served and probation); *see also id.* at 6-7 (state trial judge ensuring that he understood he was pleading guilty to *all* of the indicted charges and faced over 30 years on them); *id.* at 8-9 (he pled guilty and received his negotiated sentence, including "five years on probation for possession of controlled substance with intent to distribute . . . .").

All that, in turn, renders Smalls' Ground Two (actual innocence) claim as equally frivolous as his first claim.

## III. CONCLUSION

Eric Lavonne Smalls' 28 U.S.C. § 2255 motion should be **DENIED**. His "judicial notice" motion (doc. 64) is **DENIED** as frivolous. Applying the Certificate of Appealability (COA) standards set forth in *Brown v.*

*United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 12th day of October, 2012.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**